# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

YUN CHEN                                   CIVIL NO. 6:14-2530
    #A-075-996-265
VS.                                        JUDGE HAIK

ERIC HOLDER, ET AL.                        MAGISTRATE JUDGE HANNA

## TRANSFER ORDER

Currently before the court is a petition for writ of *habeas corpus* filed by

Yun Chen, a citizen of China, on August 18, 2014 pursuant to 28 U.S.C. § 2241.

He names former United States Attorney Eric Holder (now Loretta Lynch), South

Louisiana Correctional Center Warden David Viator, Department of Homeland

Security Secretary Jeh Johnson and ICE New Orleans Field Office Director Brian

Acuna.

Petitioner was convicted in the United States District Court for the District

of Arizona of conspiracy to transport and harbor illegal aliens in 2013, for which

he was sentenced to 13 months and 1 day. [rec. doc. 15-2, pg. 38-41].

After serving his sentence, petitioner was taken into ICE custody.  Petitioner

was ordered removed on February 14, 2014 and his order of removal became final

on that date when petitioner waived his right to appeal. [*Id.* at pg. 24].

At the time of filing, petitioner was in the custody of the Department of

Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE),

detained at the South Louisiana Correctional Center in Basile, Louisiana. Accordingly, his detention was subject to review by officials in Louisiana. [*See e.g.* rec. doc. 15-2, pg. 11-23].

In his petition, Petitioner alleges that despite his cooperation, the ICE had been unable to remove him to China. Thus, petitioner claimed that he had been in post-removal-order custody pursuant to INA § 241 in excess of both the statutory 90 day removal period and the jurisprudential six month removal period, and that his detention therefore violated the Constitution and principles set forth by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner sought his release from custody under an order of supervision. [rec. docs. 1 and 4].

The government was ordered to respond to the petition. After receiving an extension of time to answer, the government presented documentation establishing that petitioner was released from custody in Louisiana on September 9, 2014 pursuant to an Order of Supervision, after attempts to secure a travel document were unsuccessful. [rec. doc. 15-1, affidavit of Marquis Marshall, DHS Immigration Enforcement Agent]. Petitioner spent eight months in detention in Louisiana prior to his release. There is no indication that petitioner failed to fully cooperate or in any way hampered the government's efforts to effect his removal

2

while detained in Louisiana.

Nine months later, on June 1, 2015, petitioner was retaken into ICE custody in Los Angeles, California, after being notified that an interview with the Chinese Consulate had been scheduled to procure a travel document. [rec. doc. 15-2, pg. 7-10]. He was transferred to the Adelanto Detention Facility, located within the jurisdiction of the United States District Court for the Central District of California. Accordingly, Petitioner's current detention is being reviewed by officials in California. [*See* rec. doc. 15-2, pg. 1-2, 5-6]. It appears, however, that petitioner's case will soon be transferred to Headquarters, located in Washington, D.C., for review. [rec. doc. 15-2, pg. 33-4]. Again, there is no indication that petitioner is failing to fully cooperate or is in any way hampering the government's efforts to effect his removal since he has been detained in California.

In its October 13, 2015 response to the instant petition, the government argues that the petition may now be premature as to Petitioner's second detention in California because the second jurisprudential six month removal period has not yet elapsed. The government further asserts that petitioner's prior detention in Louisiana should not be counted, as *Zadvydas* does not allegedly address breaks in detention, but rather was allegedly concerned with continuous detention. This

argument is disingenuous as the danger sought to be addressed by *Zadvydas* was "indefinite detention" of aliens.  Surely, under the reasoning of *Zadvydas*, a series of releases and re-detentions by the government, as was done in this case, while technically not in violation of the presumptively reasonable jurisprudential six month removal period, in essence results in an indefinite period of detention, albeit executed in successive six month intervals.

The government also argues in its response that it expects a travel document will be issued soon.  However, the online detainee locator system indicates that petitioner remains in detention at the Adelanto Detention Facility, and telephonic communication with the Facility confirmed this fact.  Petitioner has, at present, been detained a second time for an additional five and one-half months,  and his second jurisprudential six month removal period will expire on December 1, 2015.  Therefore, petitioner will soon have been in detention for a period almost as long as the time he served for his criminal conviction.  Under these circumstances, the government's allegations regarding the issuance of a travel document border on incredible, given that this is the second time petitioner has been in detention awaiting the "expected" and alleged soon to be "forthcoming" travel document for petitioner's removal, while ICE officials allegedly diligently work with Chinese officials to procure the "golden ticket."

4

Nevertheless, this Court need not address these arguments as the government additionally argues that the appropriate venue for this action may now be the Central District of California, where petitioner is currently detained, and his wife and daughter reside.  For the reasons which follow, this argument is persuasive, and accordingly, this Court will transfer this case to the United States District Court for the Central District of California, Eastern Division, Riverside.[1]

## I.  Legal Venue Standards for this *Habeas Corpus* Action

In  *Padilla v. Rumsfeld*, the Supreme Court endorsed the "district of confinement" rule, stating that "[t]he plain language of [28 U.S.C. § 2241(a)] confirms the general rule that for core *habeas* petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla v. Rumsfeld*, 542 U.S. 426, 443 (2004).  *Padilla*, however, specifically concerned an enemy combatant, not an immigrant detainee.  Indeed,

---

[1]In arguing improper venue, the government does not contend that a proper respondent is not before this Court.  Thus, it appears that this argument is waived.  *See Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004) (finding that failure to name respondent in federal *habeas* action is a defect in personal jurisdiction that may be waived by the relevant government entity). The Court notes, however, that although there is a split amongst federal courts as to the proper respondent and custodian of an alien detained pending removal, it appears that California courts would find that the immediate custodian rule of *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) does not apply in *habeas* cases filed by aliens, and that the Attorney General and DHS Secretary, both of whom are named herein, are proper respondents. *See Carmona v. Aitken*, 2015 WL 1737839, *1-5 (N.D. Cal. 2015); accord *Farez-Espinoza v. Chertoff,* 600 F.Supp.2d 488, 493-495 (S.D. N.Y. 2009).  In so noting, this Court also notes that the *Padilla* Court expressly "left open the question whether the Attorney General is a proper respondent to a *habeas* petition filed by an alien detained pending deportation." *Id.* at 436 n. 8. In fact, the Supreme Court noted a circuit court split with respect to this very issue-a split on which neither the Fifth Circuit nor Ninth Circuit has taken a position post the *Padilla* decision. *See Id.*

the *Padilla* Court expressly "left open the question whether the Attorney General is a proper respondent to a *habeas* petition filed by an alien detained pending deportation." *Id.* at 436 n. 8.  The *Padilla* Court also did not explicitly overrule the Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), which held that "traditional principles of venue" govern certain *habeas* cases filed pursuant to § 2241.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Courts have relied on *Braden* in determining the proper venue for such cases filed by alien detainees. *See Farez-Espinoza v. Chertoff,* 600 F.Supp.2d 488, 495 (S.D. N.Y. 2009); *Navarro v. Gonzalez*, 2006 WL 954191, *2 (N.D. Cal. 2006).  Indeed, the government in this case cites *Braden* and *Farez-Espinoza* in support of its argument.

Since the tension between *Padilla* and *Braden* has not been resolved in alien detainee cases, this Court will apply both the "district of confinement" rule and the traditional venue standard.  As discussed below, the Court finds that under either standard, this case should be transferred to the United States District Court for the Central District of California, Eastern Division, Riverside.

## A. District of Confinement Rule

28 U.S.C. § 2241(a) empowers district courts to grant writs of *habeas*

*corpus* "within their respective jurisdictions."  This language reinforces the "general rule that for core *habeas* petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443; *cf. Braden*, 410 U.S. at 494, 500 (rejecting the notion that *habeas* petitions must always be brought in the district of confinement, but acknowledging that "in many instances the district in which petitioners are held will be the most convenient forum for the litigation of their claims").  The "district of confinement" rule weighs in favor of finding that venue is proper in the United States District Court for the Central District of California.  Petitioner is currently being detained at the Adelanto Detention Facility, in Adelanto, California, located within the jurisdiction of the Central District of California.  Accordingly, under the "district of confinement" rule, venue lies in the Central District of California.

**B. Traditional Venue Considerations**

The federal venue statute, 28 U.S.C. § 1391(e), states in pertinent part:

[a] civil action in which a defendant is an officer or employee of the
United States ... may ... be brought in any judicial jurisdiction in
which (1) a defendant in the action resides, (2) a substantial part of
the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated,
or (3) the plaintiff resides if no real property is involved in the action.

In determining whether venue is proper in a particular district, a court must

consider the following factors: (1) where all material events took place; (2) where records and witnesses pertinent to the petitioner's claim are likely to be found; and (3) the relative convenience of the forum for the parties. *Farez-Espinoza,* 600 F.Supp.2d at 495 *citing Henderson v. I.N.S.*, 157 F.3d 106, 128 n. 25 (2nd Cir. 1998) *citing Braden*, 410 U.S. at 493–94; *Navarro,* 2006 WL 954191 at \*2 *citing Braden,* 410 U.S. at 493-94.

In this case, Petitioner is currently being detained in California, and his detention is currently being reviewed by officials located in California. The administrative files pertinent to Petitioner's challenged detention are likely located in California. Indeed, the government submits the affidavit of one such official located in California in its response to the instant petition, DHS Immigration Enforcement Agent Marquis Marshall, who reviewed petitioner's administrative file and attached portions of same to her declaration. [*See* rec. doc. 15-1]. As to the parties' convenience, the government witnesses regarding petitioner's current detention are located in California, not Louisiana. Petitioner himself is presently detained in California, and both his wife and daughter reside in California. [*See* rec. doc. 4, pg. 12-13, ¶ 7(V)].

While it is true that Petitioner was ordered removed while in Louisiana, Petitioner is not challenging his removal in this petition, but rather his detention.

8

As noted above, all of the actions surrounding his current detention are taking place in California. Although petitioner's detention may soon be reviewed by Headquarters in Washington, D.C., any orders rendered by Headquarters will be transmitted to California for execution, not Louisiana.

In short, the Court is unable to point to any evidence regarding petitioner's current detention that supports hearing the petition in this district. Accordingly, based on traditional venue considerations, the United States District Court for the Central District of California is the proper venue to hear this petition.

## C. Transfer

The court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). Such transfers may be made sua sponte, and the decisions to effect a § 1404 transfer is committed to the sound discretion of the transferring judge.[2] *Mills v. Beech Aircraft Corporation,* 886

---

[2] Courts consider a number of private and public interest factors which are "not necessarily exhaustive or exclusive" in determining whether to transfer a case under § 1404(a). *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citations omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

F.2d 758, 761 (5ᵗʰ Cir. 1989) *citing Jarvis Christian College v. Exxon Corp*., 845

F.2d 523, 528 (5ᵗʰ Cir. 1988).  Moreover,  28 U.S.C. § 1406(a) provides that "the

district court of a district in which is filed a case laying venue in the wrong . . .

district shall dismiss, or if it be in the interest of justice, transfer such case to any

district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

     Here, while this case was originally properly brought in this district, venue

is no longer proper here.  The case could now properly be re-filed in the Central

District of California.  However, neither party has expressly opposed this Court's

transfer of the case to the  the Central District of California.[3]  Indeed, the

government argued that the Central District of California may be the most

convenient venue for this action.  Further, "transfer will be in the interest of justice

because normally dismissal of an action that could be brought elsewhere is

'time-consuming and justice-defeating.'" *Navarro*, 2006 WL 954191, *4 *citing*

*Miller v. Hambrick*, 905 F.2d 259, 262 (9ᵗʰ Cir. 1990) *quoting Goldlawr, Inc. v.*

*Heiman*, 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1631,

---

*Id*. The majority of the private interest factors are subsumed by the *Braden* factors set forth
above.  For the same reasons discussed above, these factors likewise weigh in favor of transfer.
With the exception of the local interest in having localized interests decided at home factor, the
public interest factors are neutral.  The local interest factor weighs in favor of transfer because
petitioner's wife and daughter live in California, and the Court presumes that Petitioner likewise
resided in California prior to his most recent re-detention.

    [3]Petitioner did not Reply to the government's response to the petition.

which has the same interest of justice requirement as 28 U.S.C. § 1406(a));  *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967) *citing  Goldlawr, supra.*

It is in the interest of justice to transfer this case to the Central District of California, rather than to dismiss it as suggested by the government because "'dismissal of the action would only cause [petitioner] to incur the additional expense of filing the same *habeas corpus* petition' in [the] proper district." *Id. citing Tenrreiro v. Ashcroft*, 2004 WL 1588217, at *2 *quoting Roman v. Ashcroft*, 340 F.3d 314, 328-29 (6th Cir. 2003).

The Court also notes that ordering the transfer of this petition to the Central District of California is consistent with 28 U.S.C. § 1631.[4]  While it is unclear if "jurisdiction" as used in § 1631 refers only to subject matter jurisdiction or more broadly to personal jurisdiction and venue, at least one Court has interpreted the statute in the broader sense.  *Navarro*,  2006 WL 954191, *4.

Thus, applying this logic, the Court finds that, for the reasons articulated above, transfer under 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a) and/or  28 U.S.C.

---

[4]In pertinent part, 28 U.S.C. § 1631 states:
Whenever a civil action is filed . . . and th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it was transferred.

11

§ 1631 is in the interest of justice, particularly given that the second jurisprudential six month removal period will soon expire, and ICE has once again not obtained a travel document for Petitioner, suggesting that removal is not imminent, and accordingly, entitling petitioner to release.

Therefore,

**IT IS ORDERED** that **the Clerk shall** immediately **transfer** this case to the **United States District Court for the Central District of California, Eastern Division, Riverside.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, November 20, 2015.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**